IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN BATTLE,<br>   *Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   *Respondent*. | Civil Action No. ELH-13-3564<br>Criminal Action No. ELH-11-0110 |

**MEMORANDUM OPINION**

Kevin Battle was charged by indictment and pled guilty to possession of a firearm by a previously convicted person, in violation of 18 U.S.C. § 922(g)(1). *See* Plea Agreement, ECF 39. At the time of his sentencing, Mr. Battle was found to be an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e), based on three prior qualifying convictions in the State of Maryland: assault with intent to murder ("AWIM") in 1991;[1] possession with the intent to distribute cocaine base in 1998; and possession with the intent to distribute cocaine in 2006. *See* Sentencing Memorandum, ECF 42. The Court then sentenced Mr. Battle to 180 months' imprisonment, the mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). *See* ECF 48; *see also* 18 U.S.C. § 924(a)(2).

---

[1] At sentencing, I concluded that the offense of assault with intent to murder constituted a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). In the alternative, I concluded that AWIM constitutes a violent felony under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).

At the time of Battle's conviction in 1991, assault with intent to murder was codified in Art. 27, § 12 of the Maryland Code Annotated (1957, 1987 Repl. Vol., 1991 Supp.). Effective October 1, 1996, the Maryland General Assembly enacted a consolidated assault statute, and divided assault into first and second degrees. *See Robinson v. State*, 353 Md. 683, 728 A.2d 698 (1999). First-degree assault includes "intentionally caus[ing] or attempt[ing] to cause serious physical injury to another," and is prohibited by § 3-202(a)(1) of the Criminal Law Article of the Maryland Code.

Battle appealed his sentence, claiming that his prior conviction for assault with the intent to commit murder was not a "violent felony" under the Armed Career Criminal Act. The Fourth Circuit affirmed the sentence in an unpublished opinion. *United States v. Battle*, 494 Fed. Appx. 404, 406–07 (4th Cir. 2012); *see also* ECF 58, 59. The Fourth Circuit did not resolve whether the crime of AWIM categorically qualified as a crime of violence, however. Instead, it concluded that Battle's conviction for AWIM "amounted to a 'violent felony' under [the ACCA's residual clause], 18 U.S.C. § 924(e)(2)(B)(ii) . . . ." *Battle*, 494 Fed. Appx. at 406–07.

On November 25, 2013, Battle filed a Motion to Vacate under 28 U.S.C. § 2255 ("Motion," ECF 60), supported by a memorandum of law ("Memo," ECF 60-2), and several exhibits. In his filings, Battle argues that he was improperly adjudicated an Armed Career Criminal. In particular, Battle claims that his Sixth Amendment right to trial by jury was violated by my determination that he is an Armed Career Criminal and by the resulting imposition under ACCA of the enhanced, mandatory minimum sentence of fifteen years. In addition, Battle raises for the first time the claim that his 2006 drug conviction is not a qualifying ACCA predicate because his offense was not punishable by a sufficient maximum penalty under Maryland law. *See* Defendant's Sentencing Memorandum, ECF 43 (declining to concede that the drug offenses constitute "serious drug offenses," but expressly focusing only on the conviction for assault with intent to murder).

The Government was ordered to respond to the Motion. *See* ECF 61. The Government filed its response on February 7, 2014. ECF 65. Battle filed a Reply on April 14, 2014. ECF 69. On June 18, 2014, the Court ordered the government to respond to a contention lodged in Mr. Battle's Reply. *See* ECF 70. In ECF 71, the government filed its court-ordered Surreply. No

hearing is necessary to resolve the Motion. *See* Local Rule 105.6; 28 U.S.C. § 2255(b) (stating that no hearing is necessary "[i]f the motion to vacate, set aside, or correct sentence, along with the files and records of the case, conclusively show that [petitioner] is entitled to no relief."). For the reasons set forth below, the Motion will be denied.

**Discussion**

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the petitioner shows "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Both of the petitioner's claims involve complaints concerning the ACCA. The ACCA provides for a mandatory minimum sentence of 15 years imprisonment if a person is convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and has three or more qualifying prior convictions, *i.e.*, separate convictions for "serious drug offenses" or "violent felonies." 18 U.S.C. § 924(e). For the purpose of the issues presented in Battle's Motion, it is noteworthy that, to qualify as a "serious drug offense," a prior state conviction must carry a "maximum term of imprisonment" of ten years or more. 18 U.S.C. § 924(e)(2)(A).

1.

Battle's first argument is that his mandatory minimum sentence of fifteen years was imposed in violation of the Supreme Court's recent decision in *Alleyne v. United States*, ____ U.S. ____, 133 S. Ct. 2151 (2013), which "extended the Sixth Amendment right to a jury trial to the facts that trigger or increase mandatory minimum sentences." *Id.* Battle contends that "the

District Court infringed upon his Sixth Amendment right to a jury trial by imposing a mandatory minimum sentence . . . based on facts neither pled to by defendant, nor found true by a jury beyond reasonable doubt." Memo at 5. In particular, Battle points out that the question of whether he had three prior qualifying convictions that made him an Armed Career Criminal was not submitted to the jury, and the Court's determination that he was, in fact, an Armed Career Criminal unlawfully increased the mandatory minimum sentence imposed upon him. *Id.* at 7.

The Government offers two responses to Battle's *Alleyne* argument. First, the Government argues that *Alleyne* does not apply retroactively on collateral review. Opp. at 5. Second, the Government contends that, even if *Alleyne* applies retroactively, "*Alleyne* did not change the long-standing case law that the Sixth Amendment does not apply to mandatory minimum sentencing provisions based on a defendant's prior criminal history." Opp. at 2. I agree with the Government that, regardless of the retroactivity of *Alleyne*, it would be of no assistance to Battle because it does not apply in the particular circumstances of his case. I explain below.

The defendant in *Alleyne* was sentenced under a federal statute prohibiting the use of a firearm during a crime of violence. 133 S. Ct. at 2155. The statute provides for a five-year mandatory minimum sentence. *Id.* However, if the firearm were "brandished," the mandatory minimum sentence would increase to seven years. *Id.*; *see* 18 U.S.C. § 924(c)(1)(A). The jury in *Alleyne* indicated on the verdict form that Alleyne had "'[u]sed or carried a firearm during and in relation to a crime of violence,'" but did not indicate a finding that the firearm was "'[b]randished.'" *Alleyne*, 133. S. Ct. at 2156 (quoting appellate record) (alterations in *Alleyne*).

However, the trial judge found that the evidence supported a finding of brandishing, thereby increasing the mandatory minimum sentence to seven years. *Id.*

The Supreme Court held that the trial court erred when it imposed the seven-year mandatory minimum sentence because the jury had not found the facts supporting the mandatory minimum beyond a reasonable doubt. *Id.* at 2156–58. In overruling *Harris v. United* States, 536 U.S. 545 (2002), the *Alleyne* Court explained: "The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." 133 S. Ct. at 2158. According to the Court, facts that increase the mandatory minimum sentence are elements and "must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158.

Critically, however, the Court noted that it had previously recognized a "narrow exception to this general rule for the fact of a prior conviction." *Alleyne*, 133 S. Ct. at 2160 n.1. Specifically, in *Almendarez-Torres v. United State*s, 523 U.S. 224 (1998), the Court held that a defendant may be subject to recividist sentencing enhancements based on his prior convictions, without the necessity of a jury finding on that point. *See also Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). With regard to *Almendarez-Torres*, the *Alleyne* Court said: "Because the parties do not contest [*Almendarez-Torres*]'s vitality, we do not revisit it for purposes of our decision today." 133 S. Ct. at 2160 n.1.

It is undeniable that some tension exists "between *Almendarez-Torres* on the one hand and *Alleyne* . . . on the other." *United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014); *see*

*also Apprendi*, 530 U.S. at 489 ("[I]t is arguable that *Almendarez-Torres* was incorrectly decided."). Nevertheless, this Court is "'bound by *Almendarez-Torres* unless and until the Supreme Court says otherwise,' which it has not." *United States v. Mill*, __ Fed. Appx. __, 2014 WL 631120, at *2 (4th Cir. Feb. 19, 2014) (quoting *United States v. Graham*, 711 F.3d 445, 455 (4th Cir. 2013)); *accord United States v. Blair*, 734 F.3d 218, 227 (3d Cir. 2013); *United States v. Corrigan*, 724 F.3d 39, 51 n.4 (1st Cir. 2013). Accordingly, the rule announced in *Alleyne*, even if retroactively applicable on collateral review, was not violated in Battle's case.[2]

2.

Mr. Battle's second argument is that his 2006 drug conviction is not an ACCA predicate because it was not punishable by a sufficient maximum penalty under Maryland law. As noted, a prior state conviction qualifies as an ACCA predicate if it is a "serious drug offense," which requires that the offense must be punishable by at least ten years of imprisonment. 18 U.S.C. § 924(e)(2)(A). Battle contends that his 2006 drug conviction was punishable by a maximum term of five years, Memo at 20, and that he only served five *days* in prison for the offense.

To the extent Battle focuses on the length of his actual sentence, his argument is a non-starter. The ACCA defines a prior conviction's eligibility for ACCA enhancement based on the punishment *available* by law, and not based on the sentence actually imposed. *See United States v. Kerr*, 737 F.3d 33, 39 (4th Cir. 2013).

---

[2] Because *Alleyene* was not violated, I do not address the question of whether *Alleyne* applies retroactively on collateral review. However, I note that numerous courts have addressed the issue and have held that the rule announced in *Alleyne* is not retroactive. *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 92 (2d Cir. 2013); *Schoultz v. United States*, 2014 WL 37244, at *4 (D.S.C. Jan. 6, 2014); *Johnson v. United States*, 2014 WL 470077, at *5 (D. Md. Feb. 5, 2014) ("[*Alleyne*] likely does not apply retroactively on collateral review.").

As for Mr. Battle's argument with regard to the available sentence for his 2006 conviction, it is clear from the face of the state court indictment that Mr. Battle was charged with and pled guilty to possession with the intent to distribute cocaine, in violation of Md. Code. (2002, 2005 Supp.), § 5-602 of the Criminal Law Article ("C.L."). *See* Indictment, ECF 60-5 at 2; Docket, ECF 60-5 at 5 (reflecting guilty plea). The penalties for a violation of C.L. § 5-602 are provided in C.L. §§ 5-607 and 5-608. C.L. § 5-608, which applies if a conviction under § 5-602 was with respect to a Schedule I or Schedule II narcotic drug, prescribes a maximum penalty of 20 years' imprisonment. C.L. § 5-607, which applies to non-narcotic convictions, prescribes a maximum penalty of 5 years' imprisonment. As noted, Battle was charged with a felony cocaine offense, and he pleaded guilty to the charge. Moreover, cocaine is a narcotic drug as defined in Maryland law. *See King v. State*, 407 Md. 682, 690 n.2 967 A.2d 790, 795 n.2 (2009). Thus, the maximum sentence for Battle's offense was 20 years, which is more than the 10 years required in order for an offense to qualify as a "serious drug offense" under the ACCA.

However, in his Reply, ECF 69, Mr. Battle points out that his state court indictment for the 2006 offense included the notation "1-0233." *See* Indictment, ECF 60-5 at 2. According to Mr. Battle, this number is a "CJIS Code" that corresponds only to C.L. § 5-607, not C.L. § 5-608. And, Mr. Battle attached to his Motion a document that appears to be the Maryland Sentencing Guidelines Offense Table.[3] ECF 60-6. It lists CJIS Code 1-0233 as corresponding to C.L. § 5-607. As indicated, C.L. § 5-607 carries a maximum sentence of 5 years' imprisonment. Thus, Mr. Battle claims that he was charged and sentenced pursuant to C.L. § 5-607 and, because

---

[3] The Maryland Sentencing Guidelines Offense Table is included as an appendix in the Maryland Sentencing Guidelines Manual, which is published by the The Maryland State Commission on Criminal Sentencing Policy and available at http://www.msccsp.org/files/guidelines/guidelinesmanual.pdf.

that provision prescribes a maximum sentence of only 5 years, he insists that his 2006 conviction does not qualify as a "serious drug offense" under the ACCA.

In view of the information provided by Mr. Battle in his Reply, I directed the Government to submit a Surreply, "addressing, *inter alia*, the import of the notation of '1-0233' on the state court indictment." ECF 70. The Government filed its Surreply, along with a certified exhibit pertinent to the 2006 conviction for possession with intent to distribute cocaine. As the Government points out, "[t]he indictment unquestionably charged the defendant with possession with the intent to distribute *cocaine* . . . and the docket entry reflects a conviction for possession with the intent to distribute *cocaine*. . . ." ECF 71 at 2.

Count I of the indictment in issue stated, ECF 71-1 at 1:

> The Jurors of the State of Maryland, for the body of the City of Baltimore, do on their oath present that the aforesaid DEFENDANT(S), late of said City, on the said date(s), at the said place, at the City aforesaid, did unlawfully possess a controlled dangerous substance of schedule # **11**, to wit: **Cocaine**, which is a Narcotic Drug, in sufficient quantity reasonably to indicate under all circumstances an intent to distribute the same, in violation of Criminal Law Article, Section 5-602 of the Annotated Code of Maryland and against the peace, government and dignity of the State. [CR 5-602] (1 0233)

Under Maryland Rule 4-202(a), the addition of the CJIS code had no legal significance. The rule states, in part: "The statute or other authority for each count shall be cited at the end of the count, but error in or omission of the citation of authority is not grounds for dismissal of the charging document or for reversal of a conviction." *See* ECF 71 at 3. Thus, under Maryland law, the sufficiency of an indictment is not controlled by a statutory citation.[4]

---

[4] Fed. R. Crim. P. 7 contains language similar to Maryland Rule 4-202 with respect to the required contents of an indictment, including that the indictment contain a "plain, concise and definite written statement of the essential facts" constituting the charge, and that the indictment "must give the official or customary citation of the statute, rule, regulation or other provision of

In *Ayre v. State*, 291 Md. 155, 168, 433 A.2d 1150, 1158 (1981), the Maryland Court of Appeals made clear that an indictment's sufficiency is based on the substantive allegations of the indictment. Therefore, the statutory citation is merely a matter of convenience, with no substantive effect on the nature of the charge. In *Thompson v. State*, 371 Md. 473, 495, 810 A.2d 435, 448 (2002), the Maryland Court of Appeals concluded that an alteration of a statutory citation did not alter the substance of the offense. Again, it indicated that a reference to a statutory citation is for the parties' convenience and does not alter the character of the offense. The *Thompson* Court said, *id.*: "It is not the statutory reference that triggers the possible penalty but, rather, the character of the offense alleged."

Thus, I agree with the Government that "the maximum penalty for a Maryland offense is determined by the substance of the indictment, *not* the statutory reference." ECF 71 at 6. And, in any event, in this case the indictment contained the proper statutory citation. As the government puts it, ECF 71 at 7 n.5:

> The CJIS system is not the Maryland Code, but rather is a system designed to compile and provide access to criminal justice records. MD. CODE ANN. CRIM. PROC. §§ 10-213 *et seq.*
>
> The nature of the CJIS system is academic, however, because *Thompson* and the other authorities make absolutely clear that even a mistake in the citation to an actual statute would not alter the maximum penalty in a Maryland indictment. Certainly if statutory citations do not alter the effect of indictments, citations to administrative materials like CJIS do not do so.

---

law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). Federal Rule 7(c)(2) states: "Unless the defendant was misled and thereby prejudiced,[] neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction."

Case 1:11-cr-00110-ELH   Document 72   Filed 06/26/14   Page 10 of 10

Without question, Battle was convicted in 2006 of possession with the intent to distribute cocaine, which carried a 20-year maximum penalty under Maryland law. Therefore, the 2006 conviction qualified as a predicate under the Armed Career Criminal Act.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the Court is required to issue or deny a Certificate of Appealability ("COA") when it enters a final order adverse to the applicant. *See Jackson v. United States*, Civ. No. PJM-12-421, 2012 WL 869080, *1 (D. Md. Mar. 13, 2012). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *see also Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). In my view, reasonable jurists would not find Mr. Battle's claims debatable. Because Mr. Battle's Motion provides no basis for issuance of a COA, a Certificate of Appealability is DENIED.[5]

**Conclusion**

For the foregoing reasons, the Court will deny the Motion. A separate Order follows.

Date:  June 26, 2014                    /s/
                                        Ellen Lipton Hollander
                                        United States District Judge

---

[5] Under Rule 11(a), if the district court denies a COA, a party may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 2. However, the petitioner may not appeal the district court's denial of the COA.